UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNION PACIFIC RAILROAD CO.     CIVIL ACTION NO. 17-cv-1182

VERSUS     JUDGE JAMES

CHRISTOPHER D. PICKETT, ET AL     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Union Pacific Railroad Company filed this civil action based on an assertion of diversity jurisdiction, which puts the burden on Union Pacific to allege facts that show there is complete diversity of citizenship. The complaint alleges the citizenship of the individual and corporate parties in accordance with the applicable rules, but more information is needed with respect to defendant Holmes Murphy & Associates, LLC.

The complaint describes the LLC as organized under Iowa law with a principal place of business in Iowa, but the citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007). The need to establish citizenship with specificity at an early stage of the case, even when the citizenship issue is complex, was

recently emphasized in Settlement Funding, LLC v. Rapid Settlements, Limited, 851 F.3d 530 (5th Cir. 2017).

Union Pacific will need to amend its complaint to set forth the citizenship of the LLC in detail, get the LLC to set forth that information in its answer, or otherwise get specific facts in the record regarding the LLC's citizenship. If the LLC shares Delaware or Nebraska citizenship with Union Pacific, the case will have to be dismissed for lack of subject matter jurisdiction.

Union Pacific should be aware that prescription is interrupted on a Louisiana tort claim by filing suit only if the court in which suit is filed is one of competent jurisdiction and venue. La. Civ. Code art. 3462. If this court must dismiss for lack of jurisdiction, prescription may not have been interrupted by the filing of the complaint. Tally v. Lovette, 332 So.2d 924 (La. App. 3rd Cir. 1976).

The court will not set a deadline for Union Pacific to provide the necessary information about the citizenship of the LLC because that information may not be available to Union Pacific at this time. The court expects that counsel for the LLC will provide the necessary details so that this preliminary issue may be resolved promptly and efficiently. If that is not the case, Union Pacific may request leave to conduct discovery on the citizenship issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of September, 2017.

Mark L. Hornsby
U.S. Magistrate Judge