UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNION PACIFIC RAILROAD CO.  CIVIL ACTION NO. 17-cv-1182

VERSUS  JUDGE JAMES

CHRISTOPHER D. PICKETT, ET AL  MAGISTRATE JUDGE HORNSBY

**JURISDICITONAL FINDING**

Union Pacific Railroad Company filed this civil action based on an assertion of diversity jurisdiction, which puts the burden on Union Pacific to allege facts that show there is complete diversity of citizenship.

Union Pacific, the sole plaintiff, alleges that it is a corporation incorporated under Delaware law with its principal place of business in Nebraska. Defendant Christopher Pickett is alleged to be a citizen of Louisiana, and defendant CRST Specialized Transportation, Inc. is alleged to be a corporation incorporated under the laws of Indiana with its principal place of business in Iowa. So far, so good.

The complaint described the final defendant—Holmes, Murphy and Associates, LLC—as a limited liability company organized under Iowa law with its principal place of business in Iowa. The court issued an order (Doc. 3) to note that the allegations with respect to the LLC do not provide the information necessary to determine its citizenship for diversity purposes; the citizenship of an LLC is that of its members. Union Pacific was advised that it would need to amend its complaint to set forth the citizenship of the LLC in

detail, and the court warned that it would lack subject matter jurisdiction if the LLC shared Union Pacific's Delaware or Nebraska citizenship.

Union Pacific did not amend its complaint or otherwise file in the record information regarding the LLC's citizenship. Instead, it filed a voluntary motion to dismiss Holmes, Murphy and Associates, LLC without prejudice. Doc. 8. That motion was granted.

The existence of diversity jurisdiction is ordinarily based on the parties named at the moment the complaint is filed. A deficiency at the time of filing can sometimes be cured, such as when a non-diverse defendant is dismissed and the case proceeds to judgment without objection. The rules in that area of the law, however, lack clarity and have exceptions. See Jefferson v. Certain Underwriters, 658 Fed. Appx. 738 (5th Cir. 2016). In this case, we do not know whether there was diversity at the time of filing, as the citizenship of the LLC is not of record, so the applicability of these rules is uncertain.

Because there is no direct indication of record that the LLC actually shared Delaware or Nebraska citizenship with Union Pacific, the court should cautiously proceed with the litigation. Union Pacific would be wise to clarify on the record the citizenship of the now-dismissed LLC. Otherwise, it risks the potential destruction of jurisdiction later in the case should facts be presented that show the LLC did share citizenship with Union Pacific. And, as the court warned in a prior order, prescription on a Louisiana tort claim is interrupted by the filing of suit only if the court in which the suit is filed is one of competent jurisdiction. If the court must dismiss for lack of jurisdiction, prescription may not have been interrupted by the filing of this action. The case should be allowed to proceed for

now, but Union Pacific should promptly address this issue to avoid the potential waste of resources and other problems that could arise if jurisdiction is lacking.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of January, 2018.

Mark L. Hornsby
U.S. Magistrate Judge